UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

DE MING WANG,

                        Petitioner,                  Case # 17-CV-6263-FPG

v.                                                              DECISION AND ORDER

THOMAS P. BROPHY, et al.,

                        Respondents.
───────────────────────────────────────

## INTRODUCTION

Petitioner De Ming Wang, who has been detained at the Buffalo Federal Detention Facility in Batavia, New York since September 6, 2016 in connection with removal proceedings, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner asks the Court for immediate release or an individualized bond hearing by an immigration judge. *Id*. For the reasons that follow, the Petition is granted to the extent that the Court finds Petitioner entitled to an individualized bond hearing in which the Government must prove by clear and convincing evidence that Petitioner's continued detention is justified based on flight risk or danger to the community. Respondents must provide Petitioner this hearing with 14 days of this Decision and Order. The Petition is otherwise denied.

## BACKGROUND

Petitioner is Chinese citizen. ECF No. 1 at 1. He first entered the United States in Los Angeles in 1990. *Id*. at 6. He filed for asylum in 1993 and 1995 and both applications were denied. *Id*.; ECF No. 4-2 at 3-4. Petitioner's asylum applications were filed using different names, birthdates, grounds for seeking asylum, and dates he entered the United States, and Petitioner failed to disclose his 1993 asylum application on his 1995 asylum application. ECF No. 4-2 at 2.

Petitioner married a United States Citizen and later became a lawful permanent resident on May 16, 2000. ECF No. 1 at 6; ECF No. 4-2 at 2. Petitioner failed to disclose the prior asylum applications, his aliases, and prior marriages on his application to adjust his status to permanent resident. ECF No. 4-2 at 3. In 2010, Petitioner was convicted of grand larceny and trademark infringement arising from a single scheme of misconduct in Virginia. ECF No. 1 at 6; ECF No. 4-2 at 3. He renewed his lawful permanent resident status in 2014. ECF No. 1 at 6.

In September 2016, Petitioner took a brief trip to Niagara Falls, Ontario, Canada and was detained upon his attempted re-entry into the United States. *Id*. at 7. He was placed in immigration removal proceedings and charged with being inadmissible as an alien who has committed a crime involving moral turpitude, pursuant to the Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), and as an alien who by fraud or willful misrepresentation of a material fact procured a visa or other U.S. immigration benefit, pursuant to INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i). ECF No. 1 at 7; ECF No. 4-2 at 3-4. Petitioner was later charged with being inadmissible as an immigrant who, at the time of application for admission, did not possess a valid unexpired immigrant visa, pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). ECF No. 4-2 at 4

Petitioner has appeared for immigration proceedings at the Batavia Immigration Court numerous times, and those proceedings remain pending. ECF No. 1 at 7. Petitioner now brings this § 2241 Petition challenging his prolonged detention as contrary to 8 U.S.C. § 1225(b)(2)(A) and seeking immediate release or an individualized bond hearing by an immigration judge. ECF No. 1.

**DISCUSSION**

A district court is authorized "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F. 3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).

Petitioner argues that his prolonged detention under § 1225(b)(2)(A) without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment. ECF No. 1 at 11-15. Respondents argue that, as an inadmissible arriving alien, Petitioner "does not enjoy the same constitutional rights as an admitted alien," and Petitioner is therefore not entitled to a bond hearing. ECF No. 4-1 at 2, 6-8. Respondents assert that Petitioner's continued detention does not violate the Due Process Clause and therefore the Court should deny his Petition.

An alien who arrives in the United States, or is present in the United States but has not been admitted, is treated as an applicant for admission or an arriving alien. 8 U.S.C. § 1225(a)(1); 8 C.F.R. § 1001.1 ("Arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry."). If an examining immigration officer determines that an arriving alien "is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" for removal proceedings. 8 U.S.C. § 1225(b)(2)(A).

A legal permanent resident who reenters the country is generally not considered an arriving alien and cannot be detained pursuant to § 1225(b). *See* 8 U.S.C. § 1101(a)(13)(C). But a legal permanent resident may be considered an arriving alien and detained pursuant to § 1225(b) if he "has committed an offense identified in [8 U.S.C. § 1182(a)(2)]." *See* 8 U.S.C. § 1101(a)(13)(C)(v). Here, Respondents contend that Petitioner's 2010 convictions constitute

crimes involving moral turpitude and thus Petitioner is inadmissible under 8 U.S.C. § 1182(a)(2) and subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 4-1 at 3-5.

Section 1225(b) "contains no limitation on the length of an individual's detention." *Perez v. Decker*, No. 18 Civ. 5279 (VEC), 2018 WL 3991497, at *2 (S.D.N.Y. Aug. 20, 2018). Petitioner relies heavily on *Lora v. Shanahan*, 804 F. 3d 601 (2d Cir. 2015), in support of his request for a bond hearing due to his prolonged detention. In *Lora*, the Second Circuit held that, to avoid the constitutional concerns raised by the prospect of indefinite detention, an immigrant detained pursuant to a statute requiring mandatory detention pending removal proceedings must be afforded a bail hearing before an immigration judge within six months of his detention. *Lora*, 804 F. 3d at 616. However, after Petitioner's filing, *Lora* was vacated in light of the Supreme Court's decision in *Jennings v. Rodriguez*, — U.S. —, 138 S. Ct. 830 (2018). *See Shanahan v. Lora*, — U.S. —, 138 S. Ct. 1260 (2018).[1]

While the Supreme Court held that aliens detained pursuant to § 1225(b) are not statutorily entitled to periodic bond hearings, it did not determine whether arriving aliens facing prolonged detention are entitled to a bond hearing as a matter of constitutional Due Process. *Jennings*, 138 S. Ct. at 851. Thus, "[n]either the Supreme Court nor the Second Circuit has resolved the broad question of whether an arriving alien detained pursuant to 8 U.S.C. § 1225(b) is entitled to a bond hearing when his or her detention *becomes unreasonable* in violation of the Due Process Clause of the Fifth Amendment." *Brissett v. Decker*, 324 F. Supp. 3d 444, 450 (S.D.N.Y. 2018) (emphasis added).

---

[1] Petitioner also asked the Court to consider a November 17, 2107 order in case # 17-CV-721-EAW, *Abdi and Barrios Ramos v. Duke, et al*. ECF No. 9-1. A review of that case docket reveals that this order was appealed, the parties consented to remand in light of the Supreme Court's decision in *Jennings*, and a motion to vacate the order remains pending in that court.

Respondents would have the Court conclude that, given Petitioner's status as an inadmissible arriving alien, Petitioner has limited or no due process rights and may therefore be detained indefinitely. *See* ECF No. 4-1 at 8. While an inadmissible arriving alien's rights may be limited, courts in this Circuit have held that such an individual has sufficient due process rights to challenge his prolonged mandatory detention. *See Brissett*, 324 F. Supp. 3d at 449-453 (finding that a legal permanent resident deemed an inadmissible arriving alien based on convictions involving crimes of moral turpitude who was detained for more than nine months retained due process rights entitling him to an individualized bond hearing). In Petitioner's circumstance, where he has now been detained for more than two years awaiting removal, the Court finds that Petitioner's detention has become unreasonable in violation of the Due Process Clause. *Id.; see also Perez*, 2018 WL 3991497, at *3 (agreeing with a number of courts in the Second Circuit who have found that individuals detained pursuant to § 1225(b) have due process rights "that require courts to consider challenges to the length of their detentions"). In making this finding, the Court does not express an opinion as to whether Petitioner's continued detention is no longer justified. *See Lett v. Decker*, No. 18 CIV. 4302 (JCM), 2018 WL 4931544, at *5 (S.D.N.Y. Oct. 10, 2018) (noting that the court, in granting petitioner's request for a bond hearing, "merely recognizes that on the facts presented, the Due Process Clause entitles [p]etitioner to an individualized bond hearing before an immigration judge").

The Court finds that Petitioner's prolonged, two-year detention pursuant to § 1225(b) without a bond hearing is unreasonable and is thus unconstitutional as applied to him. *See Brisset*, 324 F. Supp. 3d at 455; *Perez*, 2018 WL 3991497, at *5 (finding petitioner's nine-month detention unreasonable post-*Jennings*); *Lett*, 2018 WL 4931544, at *5 (finding Petitioner's ten-month detention without a bond hearing unreasonable post-*Jennings*). Consistent with other courts in

this Circuit, the Court further finds that Respondents must prove by clear and convincing evidence that Petitioner's continued detention is justified. *Lett*, 2018 WL 4931544, at *6 (collecting cases). Accordingly, Petitioner's request for habeas relief is granted to the extent that he must be afforded an individualized bond hearing in which the Government must prove by clear and convincing evidence that Petitioner's continued detention is justified based on flight risk or danger to the community.

## **CONCLUSION**

For the reasons stated, Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2241 is granted to the extent that he is entitled to an individualized bond hearing in which the Government must prove by clear and convincing evidence that Petitioner's continued detention is justified based on flight risk or danger to the community. Respondents must provide Petitioner such a hearing with 14 days of this Decision and Order. The Petition is otherwise denied and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 3, 2019
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court